UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| YU HIN CHAN, | ) |
|       Plaintiff | ) ) ) |
| v. | )   No. 2:25-cv-00483-LEW ) |
| JOY CAMPANELLI et al., | ) ) |
|       Defendants | ) |

**RECOMMENDED DECISION AFTER PRELIMINARY REVIEW**

Because I granted Yu Hin Chan's application to proceed *in forma pauperis*, *see* Order (ECF No. 4), his complaint (ECF No. 1) is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B).

In a single page complaint with hardly any detail, Chan alleges that Joy Campanelli, Richard Montelione, Kenneth Harton, and RE/MAX "conspired together and deprived" him "of due process." Complaint at 1. He asserts without any further context that "the current owner of the apartment where [he] resides is" RE/MAX and that this "Court has jurisdiction under the RICO Act." *Id*. He demands $1 billion in damages. *Id*.

I recommend that the Court **DIMISS** Chan's complaint for several reasons.

First, it lacks sufficient detail to state a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec) (noting that even pro se complaints must contain "the crucial detail of who, what, when, where, and how" in

order to provide fair notice of what the claims are and the grounds upon which they rest), *aff'd*, 2020 WL 2202441 (D. Me. May 6, 2020).

Second, Chan has failed to allege any facts suggesting that venue is proper in this District; rather, it appears that this lawsuit involves parties and real estate all located in New York. *See* 28 U.S.C. § 1391(b) (providing, as a general matter, that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

And finally, as far as can be gleaned from Chan's several other related cases in federal courts across the country, Joy Campanelli is a New York Supreme Court judge who ruled against him, so not only is Judge Campanelli entitled to judicial immunity, but to the extent Chan is asking this Court to interfere in state court proceedings or review a decision by Judge Campanelli, his claims are further barred by the *Younger* abstention doctrine and/or *Rooker-Feldman* doctrine. *See Chan v. Campanelli*, No. 1:24-cv-08110-RPK-JRC, ECF No. 4 (E.D.N.Y. Dec. 16, 2024) (providing information about Judge Campanelli); *Zenon v. Guzman*, 924 F.3d 611, 616-17 (1st Cir. 2019) ("[W]hen a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions."); *Tyler v. Sup. Jud. Ct. of Mass.*, 914 F.3d 47, 50 (1st Cir. 2019) ("The *Rooker-Feldman* doctrine bars jurisdiction . . . where the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and

seeking review and rejection of that judgment." (cleaned up)); *Rossi v. Gemma*, 489 F.3d 26, 34-35 (1st Cir. 2007) ("Abstention [under the *Younger* abstention doctrine] is appropriate when the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge.").

Because a PACER search reveals several similar complaints contemporaneously filed by Chan in federal district courts across the country, I additionally recommend that the Court **WARN** him that further frivolous filings may result in the imposition of filing restrictions limiting his ability to initiate new cases in this Court. *See Cok v. Fam. Ct. of R.I.*, 985 F.2d 32, 34-35 (1st Cir. 1993) (noting that courts may impose filing restrictions on abusive litigants after adequate notice).

Finally, I recommend, given the obvious frivolity of Chan's complaint, that the Court **CERTIFY** that any appeal from its order dismissing this matter would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); Fed. R. App. P. 24(a)(3)(A) ("A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless . . . the district court—before or after a notice of appeal is filed—certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification . . . .").

## *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: September 24, 2025

/s/ Karen Frink Wolf
United States Magistrate Judge